# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

VELMA M. STATE et al.                                                                   PLAINTIFFS

v.                                                                   CIVIL ACTION NO. 3:09-CV-569-H

ELIZABETHTOWN POLICE DEPT.                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiffs, Velma M. State and Ryan Monk, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiffs name as Defendant the Elizabethtown Police Department.[1]  Plaintiffs state that they have been harassed and discriminated against by the Elizabethtown Police Department.  The complaint states that Officer Turner pushed Plaintiff State for no reason when she went to see about her son.  Plaintiff State then went to the County Attorney to press charges on the police officer and was told that she could not.  The complaint further states that Officers Hodge and Latham have harassed her numerous times.  The complaint states that officers will pull her over for no reason and harass her about her kids and that the police department dispatcher has told her that if she calls them again Plaintiffs will not get any service.  An attachment to the complaint alleges that when she told the Chief of Police that Officer Hodge had told her son that if he

---

[1] Confusingly, in a section of the complaint providing additional room to name defendants, Plaintiffs listed themselves as well as the names of nine other individuals, who do not appear to be police officers and are nowhere else mentioned in the complaint.  The Court finds that Plaintiffs did not intend for these other individuals to be named as defendants.

caught him he would shoot him, the Chief of Police told her that her son was lying; that the

police told Plaintiff Monk that they did not like her family; that she was told that she could not

file a complaint against police officers at the police station; and that "the police disrespect us,

curse us out and tell us to shut up." Plaintiffs ask for injunctive relief in the form of having the

police department stop harassing them, have the police department investigated, and have better

officers on the force.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the court must construe the complaint in a

light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v.*

*City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should

be dismissed for failure to state a claim upon which relief may be granted "only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

The Elizabethtown Police Department is not an entity subject to suit under § 1983. *See*

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that the county police department

is not an entity which may be sued); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)

(holding that a police department may not be sued under § 1983). Rather, it is the municipality

itself that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503

(W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the

Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against

Jefferson County itself). In the instant case, the proper defendant is the City of Elizabethtown.

When a § 1983 claim is made against a municipality, a court must analyze two distinct

issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992). Here, many of the allegations do not rise to the level of a

constitutional violation. A police officer's rudeness, verbal harassment, and abusive language

are not sufficient to state a constitutional claim under § 1983. *See Slagel v. Shell Oil Refinery*,

811 F. Supp. 378, 382 (C.D. Ill. 1993).

Second, even if some of the allegations can be liberally construed as constitutional

violations, Plaintiffs have failed to allege that the municipality is responsible. "[A] municipality

cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality

cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City*

3

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*,

38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from

acts of *employees* of the municipality, and thereby make clear that municipal liability is limited

to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*,

485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986))

(emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that

policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v.

City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village

of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of

the constitutional violation' in order to establish the liability of a government body under

§ 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404

(1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Plaintiffs do not

identify any policy of Defendant that is the moving force of any alleged constitutional violations.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate order, dismiss the instant action.

Date:

cc:      Plaintiffs, *pro se*
        Defendant
4412.009